BOYD, Justice.
This cause is before us on appeal from the order of the Circuit Court, Dade County, validating the issuance of $1,100,000 of parking revenue bonds of the City of Coral Gables.
The bonds in question are issued to finance the cost of acquiring and constructing additions, extensions and improvements to the parking system of the City and are to mature in installments from two (2) to twenty-one (21) years after the date or dates of the bonds. Principal and interest on the bonds are payable from the revenues of the City’s parking system and from franchise revenues which the City receives under a franchise granted to Florida Power and Light Company on May 23, 1967, for the operation of an electric system.
There are presently outstanding and unpaid four series of parking revenue bonds of the City, namely Parking Revenue Bonds, dated March 1, 1955; Parking Revenue Bonds, Series of 1959; Parking Revenue Bonds, series of 1962; and Parking Revenue Bonds, series of 1968. The outstanding balances of said four series of bonds are $414,000; $327,000; $392,000 and $1,175,000, respectively. The four series of parking revenue bonds are on a parity and enjoy a first lien on the revenues of the City’s parking system and on the franchise revenues.
The proposed Parking Bonds adopted on May 12, 1970 (herein collectively the “1970 Ordinance”) do not purport to comply with the terms and conditions for the issuance of bonds on a parity with the four *642 outstanding series of parking revenue bonds, but instead recognize the prior lien of said four series of bonds and purport to enjoy a subordinate pledge of the revenues of the City’s parking system and the franchise revenues.
Appellants contend here, as they did in the trial court, that the pledge of the revenues of the City of Coral Gables parking system and the pledge of the City’s franchise revenues for the payment of principal and interest on the 1970 parking bonds, will impair the obligation of the contract of the City with the holders of the outstanding parking revenue bonds. On this point, the trial court ruled as follows:
“The pledge of revenues of the City’s parking system for the payment of the principal of and the interest on the $1,-100,000 Bonds does not impair obligations under the contract of the City with the holders of the 1955 Bonds, the 1959 Bonds, the 1962 Bonds, and the 1968 Bonds (herein called the “Outstanding Bonds”), which Outstanding Bonds enjoy a prior lien on such revenues, since the Ordinance recognizes and protects such prior lien and effectively subordinates the rights of the holders of said $1,-100,000 bonds to the rights of the holders of the Outstanding Bonds with respect to the application of such revenues.
“The pledge of the City’s franchise revenues for the payment of the principal of and the interest on the $1,100,000 Bonds does not impair obligations under the contract of the City with the holders of the Outstanding Bonds, which Outstanding Bonds enjoy a prior lien on such franchise revenues, since the Ordinance recognizes and protects such prior lien and effectively subordinates the rights of the holders of said $1,100,000 Bonds to the rights of the holders of the Outstanding Bonds with respect to the application of such revenues.”
We agree with the holding of the trial court. Under the 1955 Ordinance, 66%% of the surplus revenues existing at the end of any sinking fund year may be used to extend and improve the parking system. The City in the instant case is pledging a portion of surplus to bonds which will be used to extend and improve the parking system. True, the application of such surplus is made prior to the end of each sinking fund year, but this cannot harm the interest of the outstanding bond-holders, since the revenues may not be treated as surplus in any sinking fund year unless the City has theretofore set aside sufficient money to make all payments required in such sinking fund year under the terms of the ordinances authorizing the outstanding bonds, including the application of 331/3% of such surplus to early retirement of the four series of outstanding bonds, as required by Section 5(e) of the 1955 ordinance.
In addition, as further protection to the holders of the outstanding bonds, the City covenants in the 1970 Ordinance that, if revenues of the parking system and franchise revenues are insufficient at any time to make the required deposits to the funds and accounts securing the four series of outstanding bonds, it will transfer from the accounts securing the proposed bonds and deposit in such funds and accounts the amounts required to make up such insufficiency. This last covenant clearly shows that the City recognizes the prior lien of the outstanding bonds and has undertaken to insure the preservation of such prior lien, and provided for the security of the prior bond holders.
Accordingly, the judgment of the trial court is affirmed.
It is so ordered.
ROBERTS, C. J., ERVIN, and McCAIN, JJ., and MASON, Circuit Judge, concur.